CHERYL SABNIS (SBN 224323)
csabnis@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone:   (415) 318-1200
Facsimile:   (415) 318-1300

STEVEN JAY RIZZI (admitted *pro hac vice*)
srizzi@kslaw.com
RAMY HANNA (admitted *pro hac vice*)
rhanna@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036
Telephone:   (212) 556-2100
Facsimile:   (212) 556-2222

Attorneys for Broadcom Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDAR KAVCIC, PH.D.,<br><br>             Plaintiff,<br><br>     v.<br><br>BROADCOM INC.,<br><br>             Defendant. | Case No. 3:20-CV-01246-MMC<br><br>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** |

Case 3:20-cv-01246-MMC   Document 38   Filed 06/02/20   Page 2 of 19
**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

# ANSWER TO COMPLAINT

Defendant Broadcom Corporation,[1] by and though its undersigned counsel, respectfully submits this Answer and Affirmative Defenses to the Verified Complaint for Declaratory Judgment ("Complaint") (Dkt. No. 23), filed April 23, 2020, by Plaintiff Aleksandar Kavcic, Ph.D. ("Dr. Kavcic" or "Plaintiff").

The headings below track those used in the Complaint and are for convenience only. They do not constitute any part of Defendant's Answer to the Complaint or any admission by Defendant as to the truth of the matters asserted. Defendant further states that anything in the Complaint that is not expressly admitted is hereby denied.

## NATURE OF THE ACTION

1. Defendant admits the Complaint is styled as an action for declaratory judgment by Plaintiff Aleksandar Kavcic, PhD. Defendant denies any remaining allegations set forth in Paragraph 1.

2. Defendant admits that United States Patent No. 6,201,839 is titled "Method and Apparatus for Correlation-Sensitive Adaptive Sequence Detection," lists Aleksandar Kavcic and Jose M. F. Moura as the purported inventors, and bears an issue date of March 13, 2001; and that United States Patent No. 6,438,180 is titled "Soft and Hard Sequence Detection In ISI Memory Channels," lists Aleksandar Kavcic and Jose M. F. Moura as the purported inventors, and bears an issue date of August 20, 2002. Defendant admits that Plaintiff refers to U.S. Patent Nos. 6,201,839 and 6,438,180 collectively as "the Detector Patents" elsewhere in the Complaint. For convenience, and without agreeing that such reference is appropriate, Defendant uses the same reference in this Answer. Defendant otherwise denies these allegations.

3. Defendant admits that United States Patent No. 5,859,601 is titled Method and Apparatus for Implementing Maximum Transition Run Codes, lists Jaekyun Moon and Barrett J. Brickner as the purported inventors, and bears an issue date of January 12, 1999. Plaintiff refers to U.S. Patent No. 5,859,601 in the Complaint as "the Coding Patent." For convenience, and without

---

[1] Although the caption on the complaint identifies "Broadcom Inc." as the defendant, the summons was issued and served on Broadcom Corporation, which is believed to be the entity intended to be named.

1
DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND                CASE NO. 3:20-cv-01246-MMC
COUNTERCLAIMS

agreeing that such reference is appropriate, Defendant uses the same reference in this Answer. Defendant otherwise denies these allegations.

4. To the extent the allegations of Paragraph 4 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. Defendant denies that the allegations of Paragraph 4 form a complete or accurate characterization of Broadcom Corporation's decision to enter into the Letter Agreement and therefore denies them. Defendant denies any remaining allegations set forth in Paragraph 4.

5. Defendant admits that Carnegie Mellon University ("CMU") filed a complaint against LSI Corporation and Avago Technologies U.S. Inc. on July 27, 2018, in the United States District Court for the Northern District of California, that alleges infringement of method claims of United States Patent Nos. 6,201,839 and 6,438,180. Defendant admits that CMU is listed as the assignee of United States Patent Nos. 6,201,839 and 6,438,180 on the face of the patents. To the extent the allegations of Paragraph 5 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. To the extent that Paragraph 5 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies any remaining allegations set forth in Paragraph 5.

6. Defendant admits that Dr. Kavcic is listed as an inventor on the face of U.S. Patent Nos. 6,201,839 and 6,438,180. Defendant also admits that it became aware that Dr. Kavcic breached his "Letter Agreement" by providing consulting services to CMU. Defendant admits that, upon learning of Dr. Kavcic's breach, it asked him to immediately cease and desist any conduct that underlies such breach. Both Dr. Kavcic and CMU have refused to provide further details regarding the extent of Dr. Kavcic's breach. Defendant otherwise denies the allegations in Paragraph 6.

7. Denied.

**THE PARTIES**

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Defendant admits Broadcom Corporation is a corporation organized under the laws of the State of California and having a principal place of business at 1320 Ridder Park Drive, San Jose, California. To the extent that Paragraph 9 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies any remaining allegations set forth in Paragraph 9.

**JURISDICTION AND VENUE**

10. Defendant admits the Complaint is styled as an action arising under 28 U.S.C. § 2201. Defendant does not have sufficient knowledge to assess Dr. Kavcic's claim as to the amount in controversy, and therefore denies it. Defendant does not contest that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies them.

11. Defendant does not contest that the Court has personal jurisdiction over Defendant, solely for the purposes of this action. Defendant admits Broadcom Corporation is a corporation organized under the laws of the State of California and having a principal place of business at 1320 Ridder Park Drive, San Jose, California. To the extent that Paragraph 11 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies any remaining allegations set forth in Paragraph 11.

12. Defendant consents to venue in this district, solely for the purposes of this action. Defendant admits Broadcom Corporation is a corporation organized under the laws of the State of California and having a principal place of business at 1320 Ridder Park Drive, San Jose, California. To the extent that Paragraph 12 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies any remaining allegations set forth in Paragraph 12.

# COMMON ALLEGATIONS

**Dr. Aleksandar Kavcic**

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies these allegations.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14, and therefore denies this allegation. Defendant denies that the remaining allegations of Paragraph 14 form a complete and accurate characterization of the technology described and therefore denies them.

15. Denied.

**The Detector Patent Technology**

16. Denied.

17. To the extent the allegations of Paragraph 17 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. To the extent that Paragraph 17 purports to set forth a legal conclusion or question of law, no response is required. Defendant otherwise denies these allegations.

18. Defendant admits that United States Patent No. 6,201,839 is titled "Method and Apparatus for Correlation-Sensitive Adaptive Sequence Detection," lists Aleksandar Kavcic and Jose M. F. Moura as the purported inventors, and bears an issue date of March 13, 2001; and that United States Patent No. 6,438,180 is titled "Soft and Hard Sequence Detection In ISI Memory Channels," lists Aleksandar Kavcic and Jose M. F. Moura as the purported inventors, and bears an issue date of August 20, 2002. To the extent the allegations of Paragraph 18 seek to paraphrase or characterize the contents of written documents, the documents speak for themselves and Defendant denies the allegations to the extent that they are inconsistent with those documents. To the extent that Paragraph 18 purports to set forth a legal conclusion or question of law, no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies these allegations.

19. To the extent the allegations of Paragraph 19 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document.

20. Defendant admits that the Detector Patents list Dr. Kavcic and Professor Maura [sic] as the purported inventors. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies these allegations.

21. Admitted.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies these allegations.

23. Defendant admits that it is aware that the litigation between CMU and Marvell settled for an amount reported in news articles as $750,000,000. To the extent the allegations of Paragraph 23 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. Defendant denies that the remaining allegations of Paragraph 23 form a complete and accurate characterization of the Civil Action described and therefore denies these allegations.

**The Coding Patent Litigation**

24. Defendant admits a Complaint in Civil Action No. 16-cv-02891 styled as an action arising under Title 35 of the United States Code and alleging infringement of U.S. Patent No. 5,859,601 was filed in the United States District Court for the District of Minnesota by the University of Minnesota against LSI Corporation and Avago Technologies U.S. Inc. in August of 2016. Defendant admits the case was transferred in 2018 to the Northern District of California. Defendant denies that the remaining allegations of Paragraph 24 form a complete and accurate characterization of the Civil Action described and therefore denies these allegations.

25. Defendant admits Broadcom Corporation was acquired by Avago Technologies in 2016 and currently operates as a wholly-owned indirect subsidiary of Broadcom Incorporated. Defendant denies the remaining allegations set forth in Paragraph 25.

1        26.     Defendant admits LSI Corporation is a wholly-owned indirect subsidiary of Broadcom Incorporated. Defendant denies the remaining allegations set forth in Paragraph 26.

       27.     To the extent the allegations of Paragraph 27 seek to paraphrase or characterize the contents of a written document, the document speaks for itself. Defendant otherwise denies the allegations and substance of this paragraph.

       28.     To the extent the allegations of Paragraph 28 seek to paraphrase or characterize the contents of a written document, the document speaks for itself. Defendant otherwise denies the allegations and substance of this paragraph.

       29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore denies these allegations.

[REDACTED]

       30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore denies these allegations.

       31.     Defendant admits Dr. Lee, in February of 2016, was a vice president of Broadcom Incorporated. Defendant admits Dr. Yang was a former student of Dr. Kavcic and was employed by LSI in November 2016. Defendant admits that it provided research funding to Dr. Kavcic while he was at the University of Hawaii. Defendant otherwise denies the allegations of Paragraph 31.

       32.     Defendant admits that a copy of a Letter Agreement between Broadcom Corporation and Dr. Kavcic dated November 21, 2016, is included as Exhibit B to the Complaint. Defendant denies the remaining allegations of Paragraph 32.

       33.     Defendant admits that Broadcom Corporation, along with other entities, filed an amicus brief in *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, Federal Circuit Appeal No. 2014-1492. Defendant denies the remaining allegations set forth in Paragraph 33.

       34.     Denied.

       35.     Defendant denies that the allegations of Paragraph 35 provide a complete and accurate characterization of the work performed under the terms of the Letter Agreement and therefore denies them.

36. Denied.

37. Denied.

38. Paragraph 38 sets forth a legal conclusion; no response is required.

39. Denied.

40. To the extent the allegations of Paragraph 40 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. To the extent that Paragraph 40 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 40.

41. To the extent the allegations of Paragraph 41 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. To the extent that Paragraph 41 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 41.

42. To the extent the allegations of Paragraph 42 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. To the extent that Paragraph 42 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 42.

**The Detector and Coding Technologies are Distinct**

43. To the extent the allegations of Paragraph 43 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and Defendant denies the allegations to the extent that they are inconsistent with that document. To the extent that Paragraph 43 purports to set forth a legal conclusion or question of law, no response is required. Defendant denies the remaining allegations set forth in Paragraph 43.

44. Defendant denies that the allegations of Paragraph 44 provide a complete and accurate characterization of the technology described and therefore denies them.

**The Detector Patent Litigation**

45. Defendant denies the allegations in the first sentence of Paragraph 45. Defendant admits that it became aware that Dr. Kavcic breached his "Letter Agreement" by providing consulting services to CMU. Defendant admits that, upon learning of Dr. Kavcic's breach, it asked him to immediately cease and desist any conduct that underlies such breach. Both Dr. Kavcic and CMU have refused to provide further details regarding the extent of Dr. Kavcic's breach. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45.

46. Defendant admits that it became aware in October 2019 that Dr. Kavcic breached his "Letter Agreement" by providing consulting services to CMU. Defendant admits that, upon learning of Dr. Kavcic's breach, it asked him to immediately cease and desist any conduct that underlies such breach. Both Dr. Kavcic and CMU have refused to provide further details regarding the extent of Dr. Kavcic's breach. Defendant denies that the allegations of Paragraph 46 form a complete and accurate characterization of the discussions described and therefore denies them.

47. Defendant denies that the allegations in the first sentence of Paragraph 47 form a complete and accurate characterization of LSI's assertions and therefore denies them. Defendant denies the allegations in the second sentence of Paragraph 47.

48. Defendant admits that LSI's counsel notified Dr. Kavcic that consulting for CMU in connection with its litigation against LSI was a violation of the Letter Agreement, and requested that he preserve all records relating to such consulting. Defendant otherwise denies the remaining allegations of Paragraph 48.

49. Defendant admits that LSI's counsel notified Dr. Kavcic that providing assistance to CMU's counsel in connection with the deposition of Dr. Emina Soljanin was a violation of the Letter Agreement, and requested that he leave the deposition room. Defendant otherwise denies the remaining allegations of Paragraph 49.

50. Denied.

51. Denied.

1. 52.    Denied.

## COUNT I – DECLARATORY JUDGMENT OF

## NON-BREACH OF LETTER AGREEMENT

53.    Defendant admits that it put Dr. Kavcic and CMU on notice of Dr. Kavcic's breach of the Letter Agreement. Defendant denies the remaining allegations of Paragraph 53.

54.    Denied.

55.    Denied.

56.    Defendant admits that there is a "substantial and continuing justiciable controversy between the parties." Defendant denies that such controversy is based on "Dr. Kavcic's non-breach of the Letter Agreement." Defendant otherwise denies the remaining allegations of paragraph 56.

57.    Denied.

To the extent that any response to the requested relief in the Complaint is required, Defendant denies that Aleksandar Kavcic, Ph.D., is entitled to any of the requested relief, including that specified in paragraphs A through D of the Complaint.

## DENIAL OF FACTS NOT ADMITTED

Except as expressly admitted above, Defendant denies each and every allegation of the Complaint.

## DEFENSES

Subject to its responses above, and upon information and belief, Defendant alleges and asserts the following defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Defendant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law.

1.    Dr. Kavcic's Complaint fails, in whole or in part, to state a claim upon which relief may be granted against Defendant.

2.    Dr. Kavcic's Complaint is barred, in whole or in part, by equity, including waiver, estoppel, reliance, withholding, or offset.

3.    Dr. Kavcic's Complaint is barred by his failure to mitigate its damages, if any.

4. Dr. Kavcic's claims against Defendant are barred, in whole or in part, by the terms and conditions of the Letter Agreement.

5. Dr. Kavcic's damages, if any, were caused by Plaintiff and/or other third parties for whom Defendant has no responsibility and over whom Defendant had no control.

Defendant reserves the right to assert other defenses it learns of through discovery.

## COUNTERCLAIMS

Broadcom Corporation ("Broadcom" or "Counterclaimant") brings these counterclaims against Aleksandar Kavcic, Ph.D. ("Dr. Kavcic") as follows. Counterclaimant incorporates by reference above paragraphs 1-57.

## THE PARTIES

1. Broadcom is a corporation organized under the laws of the State of California and having a principal place of business at 1320 Ridder Park Drive, San Jose, California.

2. Dr. Kavcic is a natural person who, upon information and belief, at all times relevant to this litigation has resided in Austin, Texas and is a resident of the State of Texas.

## JURISDICTION AND VENUE

3. The parties are citizens of different states and the amount in controversy is over $75,000. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1332.

4. This Court also has jurisdiction over these counterclaims because the counterclaims arise out of the same transaction or occurrence that is the subject matter of the Verified Complaint for Declaratory Judgment ("Complaint") (Dkt. No. 23), filed April 23, 2020, by Dr. Kavcic.

5. This Court has personal jurisdiction over Dr. Kavcic at least because he has invoked the jurisdiction of this Court by filing the Complaint.

6. Venue is proper in this district at least because Dr. Kavcic filed the Complaint in this Court.

7. Venue is proper in this district at least because a substantial part of the events or omissions giving rise to this counterclaim occurred in this district.

## GENERAL ALLEGATIONS

**Dr. Kavcic was Retained as a Consultant by Broadcom on Patents Related to Sequence Detectors Operating at High Densities in Storage Systems**

8. The case captioned *Regents of the University of Minnesota v. LSI Corp., et al.*, Case No. 16-cv-02891 was filed in the District of Minnesota and was transferred in 2018 to the Northern District of California ("UM Litigation").

9. Upon learning of the existence of the UM litigation, and without solicitation by Broadcom, Dr. Kavcic volunteered to assist Broadcom with the defense of that litigation.

10. On information and belief, as part of such assistance, Dr. Kavcic was aware that he would be exposed to Broadcom's confidential and/or privileged information in connection with the UM litigation and the products accused of infringement in that case.

11. Dr. Kavcic's offer to assist Broadcom occurred after the February 17, 2016 public announcement of the settlement of the Carnegie Mellon University litigation with Marvell.

12. On or around November 21, 2016, Dr. Kavcic was retained as a consultant by Broadcom in the UM Litigation.

13. On information and belief, at the time he entered into the Letter Agreement, Dr. Kavcic knew that Broadcom was the parent company of LSI Corporation ("LSI"), which was a significant player in what the Complaint characterizes as the "computer disk drive business." Dr. Kavcic further knew that the LSI products accused of infringement in the UM litigation were semiconductor products that include read channel functionality.

14. Notwithstanding such knowledge, Dr. Kavcic agreed to be retained as a consultant by Broadcom, pursuant to the terms and conditions of the Letter Agreement, a copy of which was attached under seal as **Exhibit B** to the Complaint ("Letter Agreement").

15. The Letter Agreement provides:

[redacted]

16. The patent-in-suit in the UM Litigation, U.S. Patent No. 5,859,601 (the "'601 Patent), is related to "sequence detectors operating at high densities in storage systems." '601 Patent, Abstract.

17. Dr. Kavcic had discussions and direct interactions with Broadcom's counsel for the UM Litigation, and was exposed to confidential and privileged information, including litigation strategy (for example, pertaining to claim construction) as part of his consulting engagement with Broadcom in the UM Litigation.

18. On information and belief, Dr. Kavcic willingly received Broadcom's confidential information in the UM Litigation, despite his, and Carnegie Mellon University's ("CMU"), plan to sue LSI (Broadcom's wholly-owned subsidiary) for patent infringement relating to the same accused products and architectures at issue there, *i.e.*, read-channel architectures using detectors that operate in high density storage systems.

19. On information and belief, at the time Dr. Kavcic entered into the Letter Agreement, he believed that the accused read channel architectures in the UM litigation infringed the '839 and '180 patents.

20. Dr. Kavcic never communicated his belief to Defendant or LSI that LSI's read channel architectures accused in the UM litigation infringed the '839 and '180 patents

21. Despite his interactions with Broadcom, Dr. Kavcic's exposure to protected and confidential information, and his receipt of financial compensation, at no point prior to or during the pendency of his agreement (until October 2019), did Dr. Kavcic communicate to Broadcom his intent to consult with CMU in its planned patent infringement suit against LSI.

**Dr. Kavcic Breached the Letter Agreement**

22. In July 2018, CMU sued LSI and Avago Technologies U.S. Inc. ("Avago") in Case No. 3:18-cv-04571-JD in the United States District Court for the Northern District of California ("CMU Litigation").

23. The patents at suit in the CMU Litigation, U.S. Patent No. 6,201,839 (the "'839 Patent") and U.S. Patent No. 4,438,180 (the "'180 Patent"), state that they relate to "detecting a

sequence of adjacent signal samples stored on a high density magnetic recording device." '839 Patent, 11:42-44; '180 Patent, 11:11-13.

24. The same law firm, K&L Gates, LLP, represents CMU in the CMU Litigation and the University of Minnesota in the UM litigation.

25. On information and belief, Dr. Kavcic has consulted with CMU and its counsel on the subject matter of the CMU Litigation, the '839 Patent, and the '180 Patent. For example, Dr. Kavcic admits in Paragraph 45 of the Complaint that he "acts as a consultant to CMU on the [CMU] litigation."

26. On information and belief, Dr. Kavcic continues to consult with CMU on the subject matter of the CMU Litigation, the '839 Patent, and the '180 Patent.

27. On information and belief, as part of his "consulting" with CMU on the CMU litigation, Dr. Kavcic has provided opinions relating to the technology at issue in the UM Litigation, which includes technology for "detecting a sequence of adjacent signal samples stored on a high density magnetic recording device."

28. Pursuant to the terms of the Letter Agreement, Dr. Kavcic agreed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

29. The subject matter of the Letter Agreement includes at least the subject matter and associated technology disclosed in the '601 Patent: "sequence detectors operating at high densities in storage systems." '601 Patent, Abstract.

30. The CMU Litigation includes allegations that various sequence detectors operating at high densities in storage systems infringe various claims of the '839 Patent and the '180 Patent, which are related to "detecting a sequence of adjacent signal samples stored on a high density magnetic recording device." '839 Patent, 11:42-44; '180 Patent, 11:11-13.

31. In fact, the accused products and architectures in the UM Litigation overlap with the accused architectures in the CMU Litigation.

32. Broadcom did not provide "written consent" for Dr. Kavcic to provide such consulting services to CMU.

33. [REDACTED]

34. [REDACTED]

35. [REDACTED]

36. [REDACTED]

**Dr. Kavcic was Informed Consulting with CMU on the CMU Litigation is a Breach of the Letter Agreement**

37. CMU noticed the deposition of Dr. Emina Soljanin for October 18, 2019. Dr. Soljanin was retained by LSI as an expert to provide claim construction opinions in the CMU Litigation.

38. Dr. Kavcic appeared with CMU's counsel at the start of the deposition, and appeared to be providing consulting services to CMU in violation of his Letter Agreement with Broadcom.

39. Broadcom insisted that Dr. Kavcic leave the deposition and cease all "consulting" activities that violate his Letter Agreement.

40. Dr. Kavcic left the deposition room but remained on the premises. On information and belief, Dr. Kavcic continued to provide consulting services to CMU's counsel throughout the course of the deposition.

41. On information and belief, Dr. Kavcic has been consulting with CMU on the subject matter of the CMU Litigation, the '839 Patent, and the '180 Patent, since at least as early as July 2018, when CMU filed the CMU Litigation.

42. Broadcom has asked Dr. Kavcic and CMU to provide information sufficient to understand the full extent of Dr. Kavcic's breach, but such information has not been provided.

43. Broadcom has repeatedly informed Dr. Kavcic and CMU that the Letter Agreement does not preclude Dr. Kavcic from providing factual testimony in the CMU litigation. However, Broadcom did not consent to Dr. Kavcic providing expert or consulting services to CMU.

## COUNT I – BREACH OF CONTRACT

44. Broadcom re-alleges and incorporates by reference the foregoing paragraphs of the Counterclaims as though set forth in full herein.

45. Dr. Kavcic entered into the Letter Agreement with Broadcom.

46. Broadcom performed its obligations under the Letter Agreement.

47. [REDACTED]

48. [REDACTED]

49. [REDACTED]

50. [REDACTED]

51. Dr. Kavcic breached his obligations under the Letter Agreement by assisting CMU with the CMU Litigation

52. Dr. Kavcic continues to breach his obligations under the Letter Agreement by continuing to assist CMU with the CMU Litigation.

53. As a result of Dr. Kavcic's breach of contract, Broadcom was harmed and has and will continue to suffer damage.

**COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

54. Broadcom re-alleges and incorporates by reference the foregoing paragraphs of the Counterclaims as though set forth in full herein.

55. In every contract or agreement there is an implied promise of good faith and fair dealing.

56. Dr. Kavcic entered into the Letter Agreement with Broadcom.

57. Broadcom performed its obligations under the Letter Agreement.

58. █████████████████████████████████████████████████████████████████████████████████████████████████████████

59. █████████████████████████████████████████████████████████████████████████████████████████████████████████

60. █████████████████████████████████████████████████████████████████████████████████████████████████████████

61. █████████████████████████████████████████████████████████████████████████████████████████████████████████

62. Dr. Kavcic breached his covenant of good faith and fair dealing under the Letter Agreement by assisting CMU with the CMU Litigation.

63. Dr. Kavcic continues to breach his covenant of good faith and fair dealing under the Letter Agreement by assisting CMU with the CMU Litigation.

64.     As a result of Dr. Kavcic's breach, Broadcom was harmed and has and will continue to suffer damage.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant prays for judgment against Dr. Kavcic as appropriate to each cause of action alleged, as follows:

1. For damages according to proof at trial, including without limitation general, special, economic, incidental, and consequential damages;
2. For injunctive relief;
3. For declaratory relief;
4. For attorneys' fees, as permitted by law;
5. For costs of suit;
6. For pre- and post-judgment interest at the applicable legal rate of interest; and
7. For such other, further relief as the Court may deem just and proper.

Dated: May 22, 2020               Respectfully submitted,

                                  KING & SPALDING LLP


                                  By: /s/  Steven J. Rizzi

                                  CHERYL SABNIS (State Bar No. 224323)
                                  csabnis@kslaw.com
                                  KING & SPALDING LLP
                                  101 Second Street, Suite 2300
                                  San Francisco, CA 94105
                                  Telephone:   (415) 318-1200
                                  Facsimile:   (415) 318-1300

                                  STEVEN JAY RIZZI (admitted *pro hac vice*)
                                  srizzi@kslaw.com
                                  RAMY HANNA (admitted *pro hac vice*)
                                  rhanna@kslaw.com
                                  KING & SPALDING LLP
                                  1185 Avenue of the Americas, 35th Floor
                                  New York, NY 10036
                                  Telephone:   (212) 556-2100
                                  Facsimile:   (212) 556-2222

                                  Attorneys for Broadcom Corporation

### Proof of Service of Electronic Filing

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the Electronic Service List for this case.

/s/ *Steven J. Rizzi*
Steven J. Rizzi