UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDAR KAVCIC,<br><br>    Plaintiff,<br><br>v.<br><br>BROADCOM INC., et al.,<br><br>    Defendants. | Case No. 20-cv-01246-JD<br><br>**ORDER RE MOTION TO SEAL** |

The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, 556 F. Supp. 3d 1106 (N.D. Cal. 2021), and that decision is incorporated here. In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at 1107 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted)). The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted).

Plaintiff Aleksandar Kavcic has asked to seal the entirety of his motion for judgment on the pleadings against defendant Broadcom Corporation. Dkt. No. 86. Partial sealing was

previously granted for portions of the complaint that concerned the content of a November 2016 consultant agreement between Dr. Kavcic and Broadcom. Dkt. No. 21.

The case was later reassigned to this Court. Dkt. Nos. 49, 50. The parties' requests to seal filings that revealed the content of the consultant agreement were denied. Dkt. No. 59. The Court found that "[t]he parties' requests to redact passages from the consultant agreement that is the subject of this case are not consonant with public access. The agreement is a short and generic contract without any potentially sensitive or damaging information." *Id.* The Court further noted that "[t]he parties' perfunctory assertions that these materials contain 'confidential' information are wholly conclusory and unsupported by any facts. That is not enough to support sealing." *Id.*

Dr. Kavcic has asked to seal the entirety of his motion for judgment on the pleadings and the supporting declaration because they too concern the content of the consultant agreement. *See* Dkt. No. 86. He relies entirely on the order at Dkt. No. 21 to justify sealing and does not submit any new information about why the consultant agreement should not be disclosed. Dkt. No. 86 at 2. Sealing is denied for the same reasons as stated in Dkt. No. 59. Dr. Kavcic is directed to file an unredacted versions of the documents covered by the sealing request by February 17, 2023.

**IT IS SO ORDERED.**

Dated: February 10, 2023

JAMES DONATO
United States District Judge