UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDAR KAVCIC,<br><br>  Plaintiff,<br><br>  v.<br><br>BROADCOM INC., et al.,<br><br>  Defendants. | Case No. 20-cv-01246-JD<br><br>**ORDER RE SUMMARY JUDGMENT AND TRIAL SETTING** |

This is a long-running fight between plaintiff Dr. Aleksandar Kavcic and defendant Broadcom, Inc., about Broadcom's objection to Kavcic acting as a consultant and witness for a party adverse to it in a separate patent infringement case pending before the Court. *See Carnegie Mellon University v. LSI Corp. et al.*, No. 18-cv-04571-JD. Kavcic had a prior expert consulting engagement with Broadcom about a different patent suit between Broadcom and the University of Minnesota (UMN) that was the subject of a consulting agreement (the Agreement). Kavcic has asked for summary judgment on his claim for declaratory relief about the scope of the Agreement, and on Broadcom's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing. Dkt. No. 137. Broadcom opposes summary judgment. Dkt. No. 144.

The dispute centers around a clause in the Agreement with respect to subsequent engagements by Kavcic. *See* Dkt. No. 137-1 at ECF p. 6. The clause states:

> You also agree not to assist, in regards to the subject matter of this engagement for Broadcom, any other party seeking to manufacture, distribute, or sell products related to the subject matter or covered by any claim of any patent as to which you are providing consulting advice, or any other party seeking to license intellectual property rights associated with this technology, without Broadcom's written consent.

*Id.* Broadcom calls this clause a "covenant not to compete." Dkt. No. 144 at 15.

Although this would seem a straightforward question of interpretation, the case has been burdened by an inability of counsel for the parties to work cooperatively toward a resolution. The discovery process broke down as a result of this problem, which required the Court to intervene in a fashion that it rarely does. *See* Dkt. No. 102. The *Carnegie Mellon* litigation has been on hold now for two years and counting while the parties have struggled to work out the Kavcic situation.

This all came to a head in a hearing in August 2023, during which the Court expressed amply justified puzzlement about what exactly the parties were fighting about. The parties' filings suggested they envisioned an order that in effect would be a sentence-by-sentence parsing of Kavcic's proposed testimony to determine whether a particular statement would barred by the Agreement. The Court disabused the parties of any possibility of such an unrealistic order, and advised that the declaratory relief claim was properly directed to what restraints in general terms the Agreement might impose on Kavcic's role in the *Carnegie Mellon* case. *See* Dkt. No. 141 (Hr. Tr.) at 4:8-14; *id.* at 10:18-20. Attorney Haddad, who represents Kavcic, said, "That's all I'm looking for, Your Honor." *Id.* at 11:25-12:1.

The Court's best efforts to streamline and resolve this dispute have come to naught. The parties' summary judgment papers manifest factual disagreements with respect to the most basic questions about what Kavcic actually did during his engagement in the UMN litigation, and how that work might overlap with his engagement in *Carnegie Mellon*. *See*, *e.g.*, Dkt. Nos. 137 at 3-4; 144 at 2-12.

The parties also did not adequately respond to the Court's solicitation of their views on which state law should be applied to the Agreement. *See* Dkt. No. 141 at 8:7-8. Kavcic made a gesture towards the application of California law in a discussion of less than a page and devoid of citations to any cases. *See* Dkt. No. 137 at 6. Broadcom simply said, with equally scant analysis, that Texas law should apply. Choice of law may be an important issue because California and Texas differ about the enforceability of a covenant not to compete, as Broadcom would have it. *See* Cal. Bus. & Prof. Code § 16600; *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1150 (2020); *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 648 (Tex. 2006) (quoting Tex. Bus. & Com. Code § 15.50(a)).

1  Consequently, summary judgment cannot be granted on this disputed and underdeveloped
2 record.  *See FTC v. D-Link Systems*, No. 17-cv-00039-JD, 2018 WL 6040192 (N.D. Cal. Nov. 5,
3 2018).  A trial on the claims and counterclaims is set for February 12, 2024.  A pre-trial
4 conference is set for February 1, 2024.  In addition to the other requirements, the joint pre-trial
5 conference statement must state with specificity: (1) the state law to be applied to the agreement
6 and why, in no more than 2 pages per side; and (2) whether state laws with respect to non-compete
7 clauses apply, and if so, which laws, in no more than one page.  The parties are directed to file by
8 December 23, 2023, a joint statement not to exceed 4 pages in total stating whether the trial is by
9 jury or the Court.

**IT IS SO ORDERED.**

Dated: December 12, 2023

JAMES DONATO
United States District Judge