UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDAR KAVCIC,<br><br>Plaintiff,<br><br>v.<br><br>BROADCOM INC., et al.,<br><br>Defendants. | Case No. 20-cv-01246-JD<br><br>**ORDER RE TRIAL** |

In the order denying summary judgment, the Court directed the parties to file a joint statement with respect to whether the trial should be by jury or the Court. Dkt. No. 146 at 3. In the joint statement, plaintiff Kavcic proposed a bench trial primarily on the grounds that he never requested a jury, and that defendant Broadcom filed its counterclaims for breach of contract in June 2020 without a jury trial demand and subsequently embraced a bench trial in all pertinent filings up to the summary judgment order. Dkt. No. 149 at 2. Broadcom forthrightly acknowledged these circumstances, and stated that it had not made a timely jury trial demand under Federal Rule of Civil Procedure 38. *Id*. at 3. Even so, Broadcom invited the Court to order a jury trial pursuant to Rule 39(b). *Id*.

As much as the Court would like to grant Broadcom's request, Rule 39(b) does not permit a jury trial in this case. There is no question that the Seventh Amendment and the fair and efficient administration of justice amply warrant a jury trial in light of Broadcom's damages demand and contract claims. But the Court's discretion here is "narrow," and Rule 39(b) "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002-03 (9th Cir. 2001) (internal citation and quotation marks omitted); *see also Zivkovic v.*

*Southern California Edison Co.*, 302 F.3d 1080, 1086-1087 (9th Cir. 2002) (same).  Broadcom did not demonstrate that the omission of a jury trial demand was the result of something other than oversight or mistake.  Consequently, the case will be tried by the Court.

The pretrial conference set for February 1, 2024, is vacated.  A bench trial is set for February 13-14, 2024, at 9:00a.m.  Each side will have 4 hours of trial time, and up to an additional 25 minutes per side for closing statements.  The parties will file by January 29, 2024, a joint pretrial statement that also contains the information requested by the Court in the summary judgment order.  *See* Dkt. No. 146 at 3.

**IT IS SO ORDERED.**

Dated: January 17, 2024

JAMES DONATO
United States District Judge